**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                            25-35-SDD-SDJ

JOHN PAUL SMITH

**STATEMENT OF REASONS IN SUPPORT OF ORAL RULING**

On July 1, 2026, the Court held a hearing to consider the *Motion to Suppress Voice Identification*[1] filed by Defendant John Paul Smith ("Defendant" or "Smith").  After careful consideration of the Defendant's supporting *memorandum of law*,[2] the Government's *Opposition*,[3] and hearing arguments from both parties, the Court orally DENIED the *Motion*.  These written reasons supplement the oral reasons given.

### I.      FACTUAL BACKGROUND

Defendant is charged with making a hoax communication in violation of 18 U.S.C. § 1038(a)(1).[4]  It is alleged that during a November 15, 2024 telephone call with Dawn Fournier ("Fournier")—a law firm employee assisting Defendant with a question regarding his Social Security benefits—Defendant became irate "and threatened to go to the Bankers Avenue [Social Security Office] and blow it up," warning "that [the 1995 Oklahoma City bombing] had nothing on him."[5]  In her initial report of the incident,

---

[1] Rec. Doc. No. 42.
[2] Rec. Doc. No. 42-1.
[3] Rec. Doc. No. 45.
[4] Rec. Doc. No. 3, p. 1.
[5] Rec. Doc. No. 42-1, p. 1.  The Court notes that there appears to be some inconsistency in the parties' briefing regarding the date on which the threatening call was made.  The *Indictment* alleges that the call occurred "on or about November 15, 2024."  Rec. Doc. No. 3, p. 1.  The Government's *Opposition* reiterates

Fournier stated that "the caller sounded like he was in his late 30s to early 40s, that he spoke fast and in an irritated tone, but offered no other clues as to his identity."[6]  An investigation followed during which law enforcement cross-referenced the number used to make the November 15 call and retrieved, from the Social Security Administration ("SSA"), a recorded call from that same number made on November 14, in which the speaker identified himself as Defendant.  On January 7, 2025, that same recording was played for Fournier, who positively identified the Defendant's voice to be that of the person she spoke with on the November 15 call.[7]

Defendant now moves the Court to suppress evidence of Fournier's voice identification because it was "derived from impermissibly suggestive procedures," and its use at trial would be a violation of his rights under the Due Process Clause of the Fifth Amendment.[8]

## II.     LAW AND ANALYSIS

The Due Process Clause protects against the use of evidence obtained from impermissibly suggestive identification procedures.[9]  The admissibility of identification evidence is governed by a two-part test, often referred to as the *Brathwaite* test after *Manson v. Brathwaite*.[10]  First, the Court must determine, as a threshold matter, whether

that the call was made on November 15, 2024.  Rec. Doc. No. 45, p. 3.  Defendant's supporting memorandum, however, states that Fournier's November 18, 2024 "sworn statement" represents the threatening call was made on November 14, 2025, at 1:25 p.m.  Rec. Doc. No. 42-1, p. 1.  Because the exact timing of the call has no bearing on the Court's resolution of the instant motion, it need not resolve this inconsistency and any mention herein to the "November 15 call" is in reference to the threatening call underlying the present prosecution.

[6] *Id* at p. 2 (cleaned up).

[7] Rec. Doc. Nos. 42-1, p. 2; 45, p. 3.

[8] *Id* at p. 2.

[9] *United States v. Guidry*, 406 F.3d 314, 319 (5th Cir. 2005).

[10] *United States v. Moody*, 564 F.3d 754, 762 (5th Cir. 2009) (citing *Manson v. Brathwaite*, 432 U.S. 98 (1977)).

the challenged identification procedure was impermissibly (or unduly) suggestive.[11]  If not, the inquiry ends.  Otherwise, the Court must determine whether, under the totality of the circumstances, the challenged procedure posed a very substantial likelihood of irreparable misidentification.[12]  If the answer to both questions is affirmative, then the identification is inadmissible.

Importantly, "reliability is the linchpin in determining the admissibility of identification testimony."[13]  Thus, as to the second step, the Supreme Court has outlined five factors (the "*Biggers* factors") to be considered in assessing the likelihood of misidentification: (1) "[t]he opportunity of the witness to view [or hear]" the criminal at the time of the crime; (2) "[t]he witness' degree of attention"; (3) "[t]he accuracy of [the witness'] prior description of the criminal"; (4) "[t]he level of certainty demonstrated at the confrontation"; and (5) "the time between the crime and the confrontation."[14]

In any event, "whether an identification procedure violates due process is governed by an extraordinarily general standard that hews closely to the facts of a particular case and turns on a court's judgment in evaluating those facts."[15]

Suggestiveness of Identification.  An identification procedure is unduly suggestive when it makes it "all but inevitable that [a witness] will identify [a suspect] whether or not he was in fact 'the man.'"[16]  Defendant argues that because Fournier was only presented with a single voice recording—the Defendant's—and "none of the mitigating measures

---

[11] *Guidry*, 406 F.3d at 319.

[12]*Id.*

[13] *Braithwaite*, 432 U.S. at 114-16 (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972); *Livingston v. Johnson*, 107 F.3d 297, 309 (5th Cir. 1997).

[14] *Id* at 114.

[15] *Brisco v. Ercole*, 565 F.3d 80, 90 (2d Cir. 2009) (citing *Simmons v. United States*, 390 U.S. 377, 384 (1968)).

[16] *Foster v. California*, 394 U.S. 440, 443 (1969) (cleaned up); *see Preacher v. Estelle*, 626 F.2d 1222, 1223 n.4 (5th Cir. 1980) (citing *Foster*, 394 U.S. at 443).

typically used … to decrease the chance of improper suggestiveness were used," the identification procedure was "akin to a suggestive police showup" and therefore improper.[17]   The Government responds by noting "[t]here is no evidence that [law enforcement] provided any information [besides playing the recording] to Fournier that influenced her positive identification."[18]   Thus, it contends there is no evidence that the identification procedure was "unduly suggestive or created a substantial likelihood of misidentification at trial."[19]

The Court agrees.   The fact that Fournier was presented a recording of only Defendant's voice does not, on its own, render the identification procedure unduly suggestive.   Defendant's analogy to a "police showup" is misplaced.   "While the Supreme Court has held that 'identifications arising from single-photograph displays [and likewise single-voice recordings] may be viewed in general with suspicion,' the extent to which the identification is suggestive depends, at least in part, on the surrounding circumstances."[20] Instructively, the Fifth Circuit has previously addressed the issue of one-man confrontations in the context of voice identification.   In *Roper v. Beto*, the court found the fact that a witness was presented with only one voice recording to be insufficient, absent "additional facts beyond that of the one man factor itself," to constitute a violation of due process.[21]   Yet, that is all Defendant presents to suggest the identification procedure at issue was unduly suggestive.[22]

---

[17] Rec. Doc. No. 42-1, p. 3.
[18] Rec. Doc. No. 45, p. 3.
[19] *Id.*
[20] *Diakite v. Asuncion*, 2017 WL 6372509, at *26 (C.D. Cal. Nov. 15, 2017) (quoting *Simmons*, 390 U.S. at 383).
[21] 454 F.2d 499, 502 (5th Cir. 1971) (citing *Palmer v. Peyton*, 359 F.2d 199 (4th Cir. 1966) (cleaned).
[22] Defendant's attempt to compare the present circumstances to a traditional police show-up, in which eyewitnesses are confronted with a single suspect—who is often handcuffed and surrounded by police officers or otherwise in custody—and asked whether this is the person who committed the crime, is

4

Nothing in Defendant's motion indicates that Fournier made the positive identification after being subjected to a "coercive pressure" from law enforcement, or without being allowed adequate time for "care and reflection."[23]  Nor is there any indication that the investigating agent made suggestive comments to Fournier about the investigation, or the manner in which the recording was obtained, as would otherwise steer her to positively identify the Defendant's voice.  And while it may properly be assumed that Fournier listened to the recording with "the knowledge [or at least suggestion] that the police did have a suspect … such suggestiveness is practically inherent in any one-man confrontation" and is not, without more, undue or unnecessary.[24] Instructively, the Supreme Court has rejected the argument that courts must "prescreen eyewitness [or earwitness] evidence for reliability any time an identification is made under suggestive circumstances."[25] The Court therefore concludes that, while the 'one man factor' complained of by Defendant may "involve some element of suggestion,"[26] it did not make it all but inevitable that Fournier was going to make a positive identification independent of her honest recollection.[27]  Thus, Defendant has failed to establish that the

---

unpersuasive.  The elements of suggestion present in that procedure are far more numerous and weighty than those presently before the Court.  Even then, those circumstances alone would not, in themselves, support a finding that the identification procedure used was unnecessarily suggestive.  *See Scott v. Michael*, 2011 WL 1235223, at *5 (E.D. La. Mar. 31, 2011).  Although a show up identification is subject to close scrutiny as to suggestiveness, the mere fact that such procedure was employed does not render the resulting identification inadmissible.  *Roberson v. Cockrell*, 2003 WL 22887957, at *3 (N.D. Tex. Aug. 15, 2003).  Of note, too, is the fact that law enforcement did not present Defendant's voice for identification based on the description provided by Fournier's incident report, but rather because independent police work led them to discover the recorded call.

[23] *Manso*n, 432 U.S. at 116.

[24] *Roper*, 454 F.2d at 502-03; *see generally United States v. Jones*, 84 F.3d 1206, 1210 (9th Cir. 1996) ("The fact only one suspect is presented for identification does not make the identification procedure invalid.").

[25] *Perry v. New Hampshire*, 565 U.S. 228, 240 (2012).

[26] *Id* at 244.

[27] *Cantu v. Bobby Lumpkin*, 2021 WL 3148869, at *11 (S.D. Tex. July 6, 2021) (internal citations and quotation marks omitted) (an identification procedure is impermissibly suggestive "where [it] steer[s] the witness to one suspect or another, independent of the witness's honest recollection.").

procedure used to identify his voice was unduly suggestive.

Lastly, Defendant's attempt to show undue suggestiveness based on the absence of unspecified "mitigating measures" is no more availing. "Due process does not require that every pretrial identification of a witness must be conducted under laboratory conditions" of what might be the "fairest possible procedures."[28] All that is required is for the government "to avoid offending some principle of justice so rooted in the traditions and conscience of the people as to be ranked as fundamental."[29]  The Court finds that the identification procedure used in this case does no such thing.  Even so, Defendant's broad allegation that "mitigating measures" were not used is conclusory and fails to state any specific safeguards, the omission of which render the identification procedure unduly suggestive.  And while the Court may read between the lines and assume Defendant's contemplated "mitigating measures," if enumerated, would include presenting Fournier with more than one voice recording, the Court has already explained the failure to do so did not render the identification procedure unduly suggestive.

Because the Court finds that the voice identification made by Fournier was not the product of an unduly suggestive procedure, the Court need not consider the *Biggers* factors to determine if the identification is nevertheless reliable.[30]

---

[28] *Roper*, 454 F.2d at 503 (quoting *United States v Davis*, 407 F.2d 846, 847 (4th Cir. 1969)).
[29] *Id.*
[30] *United States v. Lang*, 2005 WL 517337, at *3 (E.D. La. Mar. 2, 2005) (concluding same).

## III.    CONCLUSION

For the foregoing reasons, Defendant John Paul Smith's *Motion to Suppress*[31] is

DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 28th day of _____July_____, 2026.


_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[31] Rec. Doc. No. 42.